NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DAVID CARLEBACH, et al.,

               Movants,

               v.

PUTNAM AT TINTON FALLS, LLC,
et al.,

               Defendants.

Civil Action No. 16-5221 (MAS)

**MEMORANDUM ORDER**

This matter comes before the Court on Movants David Carlebach and Ettore Annunziata's (collectively, "Movants") Motion to Withdraw Reference of the Chapter 11 proceeding (the "Case") of Richard Annunziata ("Debtor") pending before the Bankruptcy Court. (ECF No. 1.) Defendants Putnam at Tinton Falls, LLC ("Putnam") and Abilheira & Associates (collectively, "Defendants") opposed (ECF No. 12), and Movants replied (ECF No. 16). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Movants' Motion to Withdraw Reference is DENIED.

## I.   Background

On February 6, 2015, Debtor filed a voluntary petition for relief under Chapter 13 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. (Movants' Mot. ¶ 49, ECF No. 1.) On April 7, 2015, Debtor's Chapter 13 proceeding was converted to a Chapter 11 proceeding. (*Id.* ¶ 52.) On April 27, 2015, Debtor filed an Adversary Proceeding against Defendants. (*Id.* ¶ 53.) On October 8, 2015, the Case was transferred from the

Southern District of New York to the District of New Jersey. (*Id.* ¶ 55.) On May 20, 2016, Nancy Isaacson was appointed as Chapter 11 Trustee ("Trustee") in the Case. (Isaacson Cert. ¶ 1, ECF No. 11-1.) On or about August 1, 2016, Trustee filed a motion pursuant to Federal Rule of Bankruptcy Procedure 9019 to approve a settlement reached between Trustee and Defendants involving the distribution of two escrows, which had been the subject of litigation between Debtor and Defendants in the Superior Court of New Jersey and the Bankruptcy Court. (*Id.*, Ex. B, at ¶¶ 2, 20.) Prior to the scheduled hearing on Trustee's motion, on August 24, 2016, Movants filed their Motion to Withdraw Reference. (*See generally* Movants' Mot.)

## II.    Discussion

Under 28 U.S.C. § 157(d), permissive withdrawal[1] allows the "district court [to] withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Pursuant to Local Bankruptcy Rule 9013-1(a)(2), all motions must contain a certification containing the facts supporting the relief requested. L. Bankr. R. 9013-1(a)(2). Here, Movants' Motion to Withdraw Reference contains no such certification. Movants' Motion also does not contain a proposed order or a certification of service as required by Local Bankruptcy Rules 9013-1(a)(4) and (5). *See* L. Bankr. R. 9013-1(a)(4), (5). Movants' failure to attach any certifications or proofs to their Motion is significant given the purported allegations of wrongdoing contained in the Motion. (*See* Movants' Mot. ¶¶ 2, 94, 95, 100, 103, 106.)

Additionally, Movants failed to timely serve Trustee with a copy of the moving papers as required by Local Bankruptcy Rule 5011-1(b), which states that "[a] motion to withdraw the reference of a case must be served on all creditors and parties in interest." L. Bankr. R. 5011-

---

[1] Movants seek "discretionary withdrawal" pursuant to 28 U.S.C § 157(d). (Movants' Mot. ¶ 1.)

1(b). Here, Trustee certified that she was never served with Movants' Motion to Withdraw Reference, and that it was only upon review of an entry on the matter's docket that she became aware of the Motion. (Isaacson Cert. ¶ 3.) Movants do not contend otherwise. To that end, Movants' Motion is wholly unsupported and fails to comply with the Local Bankruptcy Rules.[2] The Court, therefore, finds that Movants' Motion to Withdraw Reference is procedurally improper. Accordingly, for the reasons set forth above, and other good cause shown,

**IT IS** on this <u>8th</u> day of August 2017, **ORDERED** that Movants' Motion to Withdraw Reference is DENIED.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Movants' Motion to Withdraw Reference fails to "show cause," as required under 28 U.S.C. § 157(d). *See In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990) (holding that the factors to be considered in determining whether there has been cause shown include "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process") (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)). The Court need not perform an analysis under 28 U.S.C. § 157(d) as it would require the Court to rely on facts that lack the required certifications and supporting documentation.